[No. 13148. In Bank. — July 2, 1889.]

EDWARD T. HUBBACK, APPELLANT, v. ANN S. ROSS ET AL., RESPONDENTS.

APPEAL — DISMISSAL — FAILURE TO FILE TRANSCRIPT. — When it appears that the true reason for failure to file the transcript within the time required by the rules of the supreme court, and for procuring extensions of time therefor, is, that the appellant is a poor man, and unable to procure the means to pay for the transcript within such time, or to arrange in any other way to have the same printed and filed, though endeavoring to do so, a motion by respondent to dismiss the appeal upon the ground that the affidavits of appellant's counsel, upon procuring the extensions of time, did not disclose the true reason for such delay will be denied.

APPEAL from a judgment of the Superior Court of Marin County.

Motion to dismiss appeal. The facts are stated in the opinion of the court.

*Hepburn Wilkins*, and *M. G. Cobb*, for Appellant.

*William Barber*, for Respondents.

The COURT. — There is a motion to dismiss this appeal. The appellant, not being able to get his transcript on file in time, applied for an extension of time, and this was renewed until three extensions were granted. The respondents move to dismiss on the ground that no sufficient reason existed for the failure to file the transcript in time, and that the court was misled and induced to make the several orders extending time by the affidavits of counsel for the appellant, which, it is claimed, did not set out the true reason for the delay.

It is quite apparent to us that counsel for appellant did not deal frankly with the court, and his course in the matter is subject to criticism. Therefore, if his interests alone were to be considered, we would dismiss the appeal without hesitation. But the true reason of the delay, as now developed, was, that the appellant is a poor man and was unable in time to procure the means

with which to get his transcript printed, or arrange to have the same printed, in any other way, although he endeavored to do so. The expenses of taking appeals under our practice are extremely burdensome to litigants of small means, and no doubt frequently result in injustice. For that reason, we do not feel that we should deprive the appellant of the benefit of his appeal under the circumstances of this case. The courts should be open to all litigants alike, whether rich or poor, and every facility should be afforded them to be heard.

But we take this occasion to express our unqualified disapproval of the growing habit on the part of some attorneys practicing in this court of neglecting to prepare their transcripts and briefs in time to be printed, and then burdening this court with applications for extensions. These applications are of almost daily occurrence, and in perhaps ninety-nine out of every hundred of these cases, if the real reason for the failure to file in time were stated, it would be the neglect of the attorney. Usually it is that the printer has failed to print in time; but whether the manuscript was furnished him in time or not is left to be conjectured. If counsel will do their duty in this respect, this court will have more time to devote to other more urgent and important matters.

Motion denied.